Treat, Justice, delivered the opinion of the court: The indictment contains two counts. The first charges that the defendant, on etc., at etc., “ did, for bis gain, permit persons to come together to play at a game for money, at and in a house then and there kept by him.” The second count is for keeping - open a tippling house on the Sabbath. A motion was made to quash the indictment, which was denied. The defendant then pleaded [* 169] not guilty, and the cause was submitted to a jury. It was proved on the part of the prosecution, by one witness' that about a year before the trial, he had seen persons playing at a game with cards, for money, at the defendant’s in the county of St. Clair ; and by another witness, that more than a year before the trial, he had seen persons playing at a game with cards, for money, at a house kept by the defendant; the hoxise was kept as a grocery, and persons were frequently seen drinking there. This was all the evidence. Verdict, guilty on the first count* but no finding on the second. Motions were made for a new trial, and in arrest of judgment, which were overruled, and the defendant fined fifty dollars. He now assigns for error the several decisions of the court, in overruling the motions to quash, for a new trial, and in arrest of judgment. First. It is insisted that the first count of the indictment is bad, because it does not allege that the house was occupied by the defendant. This count is found under the 126th section of the criminal code, which provides that if any person shall, for his gain or profit, keep, have, exercise, or maintain a common gaming house, table, or room; or in any house or place occupied by him, procure or permit persons to frequent or come together, to play for monejs such person shall, on conviction, be fined, etc. The principal object of this section evidently is, to suppress gaming houses, and prevent public houses from being resorted to for the purposes of gaming, by reaching and punishing those having the control of such establishments. A jury would naturally understand, from the phraseology of the count in question, that the defendant was charged with permitting gaming for his gain, in a house in his possession, and under his control. This is the substance of the offence. The charge of keeping a house, in its • ordinary acceptation, is equivalent to having it in possession, or occupying it. We think the court decided correctly in refusing to quash this count of the indictment. The other count is not, before us, as there was no conviction on it. Second. We cannot say that the court erred in refusing to grant a new trial. The charge that persons came together and gamed át the house of the defendant was expressly proved, and we think the jury were authorized to infer from the evidence, that the gaming was done with his permission, and that he derived benefit from it. He was the keeper of a public house, and it can hardly be supposed that he was ignorant that gaming was practised in it. If known to- him and not prevented, be must have permitted it. He may not have received pay directly as tbe price of tbe permission, but if tbe tendency of permitting gaming in bis bouse was 'to increase its custom, as it probably would, be would be benefitted incidentally, and be within the statute. Third. It is insisted that tbe verdict of tbe jury was void, and that the court erred in rendering judgment on it. The general rule is, that tbe verdict must be as broad as tbe [*170] issues submitted, and it was formerly held, with much strictness, that a failure to find on all the issues vitiated the verdict. The tendency of modern decisions, however, has been to relax the severity of the rule, and sustain the verdict, where the intention of the jury can be ascertained. What is the reasonable view to be drawn from this verdict, and the circumstances under which it was rendered? The people prefer two charges of criminal offences against the defendant; he is arraigned on them, and the question of his guilt submitted to the jury for determination. They hear the testimony adduced to substantiate both charges, and find affirmatively that he is guilty of one. Is not the inference irresistible, that the prosecution failed to establish his guilt on the other charge, and therefore the jury find negatively on it? . We are of opinion that the verdict should be regarded as an acquittal of the defendant on the second count. If such be the effect of the verdict, he certainly has no right to complain. He can never again be put on his trial for the same of-fence. He has once been put in jeopardy, and the charge against him adjudicated. The judgment of the circuit court is in all respects affirmed, with costs. Judgment affirmed.